UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SOLOMON,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT,<br><br>    Respondent. | Case No. 2:21-cv-00718-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 4<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE FEDERAL CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

Petitioner is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that petitioner is not entitled to relief. I will give petitioner an opportunity to amend before recommending that the petition be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 4.

Petitioner argues that he is entitled to sentencing relief under California Senate Bill No. 136. ECF No. 1 at 3, 7. This claim is not cognizable for at least two reasons. First, the

1

application of state sentencing law generally does not present a federal question. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Such a claim is only cognizable where the state law sentencing error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40 (1992). Petitioner has not alleged facts showing that California's refusal to extend him the benefits of SB 136 meets that high standard.

Second, petitioner admits that he has not exhausted his claim by presenting it to the California Supreme Court. ECF No. 1 at 5; *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986). Exhaustion is required unless petitioner can show that no state remedies remain available to him. *Id.* Given that petitioner's claim centers on the application of state sentencing law, it appears that the California Supreme Court could offer him relief.

I will give petitioner an opportunity to amend his petition and to explain why his claim should proceed.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 4, is granted.

2. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   June 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE