UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SOLOMON,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES DISTRICT COURT,<br><br>  Respondent. | Case No.  2:21-cv-00718-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 8 |

Timothy Solomon, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. His initial petition argued only that he was entitled to sentencing relief under California Senate Bill No. 136. ECF No. 1 at 3,7. I screened that petition and advised him that the claim was non-cognizable because it implicated only questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). I did not recommend dismissal after the first screening order, however, and gave petitioner a chance to file an amended petition explaining why his claims implicated a federal question. After review of the amended petition, ECF No. 8, I find that I cannot tell whether the newly added federal claims have been exhausted by being presented to the California Supreme

Court.[1]  Additionally, the new claims are too vaguely pled to proceed.  I will give petitioner one final chance to amend in order to address these issues.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

In the amended petition, petitioner states that his conviction was finalized in the Shasta County Superior Court in 2017.  ECF No. 8 at 1.  Curiously, he indicates that he waited to pursue a direct appeal until 2021.  *Id.* at 2.  That direct appeal proceeded first to the Shasta County Superior Court, then to the California Appellate Court for the Third District, and finally to the United States Supreme Court.  *Id.* at 2.  He states that other than these direct appeals, he has not filed any other cases attacking his conviction.  *Id.*  Thus, it appears that petitioner did not properly exhaust his claims by presenting them to the California Supreme Court.[2]  *See, e.g.*, 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).

Unlike the original, the amended petition contains new, constitutional claims relating to petitioner's conviction.  ECF No. 8 at 4.  These newly added federal claims are too vague to proceed.  Petitioner argues that the trial court violated his rights by admitting a recording of a 911 call without requiring the victim—who presumably made the call—to testify.  ECF No. 8 at 4.  Petitioner does not describe the content of the 911 call or how he was prejudiced by its admission.  Separately, he argues that his rights were violated when the victim was treated as an unavailable witness because of her invocation of the Fifth Amendment.  *Id.*  But again, he does not describe how the victim's failure to testify prejudiced him.  These claims must be described in greater detail so that the respondent, if they are ultimately served, has notice of their content.

---

[1] I also flagged this issue for petitioner in my previous order.  ECF No. 7 at 2.

[2] Petitioner did check the box indicating that he appealed a habeas petition to the highest state court.  ECF No. 8 at 3.  However, this "check the box" is at odds with a separate "check the box" that confirms that he did not file any habeas petitions, aside from this federal one, attacking his conviction.  *Id.* at 2.

I will give petitioner a final opportunity to file an amended petition that explains the issues identified above. If petitioner does not file another amended petition, I will recommend that this action be dismissed.

It is therefore ORDERED that:

1. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   August 5, 2021                              _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE