UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SOLOMON,<br><br>  Petitioner,<br><br> v.<br><br>UNITED STATES DISTRICT COURT,<br><br>  Respondent. | Case No.  2:21-cv-00718-JDP (HC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO RULE ON THESE FINDINGS AND RECOMMENDATIONS<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE FEDERAL HABEAS CLAIM<br><br>ECF No. 10 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  I previously found that his first petition did not state a cognizable claim and offered him leave to amend.  ECF No. 7.  He has now filed an amended petition that, for the reasons stated below, also does not state a cognizable claim.  ECF No. 10.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the assigned judge must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As in his initial petition, petitioner argues that he is entitled to sentencing relief under California Senate Bill No. 136.  ECF No. 10 at 4, 6.  That claim invokes only a question of state sentencing law and is not cognizable on federal habeas review.  *See Lewis v. Jeffers*, 497 U.S.

1

1   764, 780 (1990).  Exceptions exist where the alleged error of state sentencing law is "so arbitrary
2   or capricious as to constitute an independent due process" violation, *Richmond v. Lewis*, 506 U.S.
3   40 (1992), but nothing in the petition indicates that this high bar has been met.  Instead, petitioner
4   argues only that he meets the criteria for relief under Senate Bill No. 136.  Whether that is the
5   case is a question of state law that the California courts must decide.

6   Separately, petitioner claims that he is entitled to additional state sentencing relief by way
7   of California Assembly Bill No. 1618, which provides, in relevant part, that "a plea bargain that
8   requires a defendant to generally waive future benefits of legislative enactments, initiatives,
9   appellate decisions, or other changes in the law that may retroactively apply after the date of the
10  plea is void as against public policy."  *See* Cal. Penal Code § 1016.8(b).  This claim also relates
11  only to state sentencing law and so fails for the same reasons as does petitioner's claim based on
12  Senate Bill No. 136.

13  Petitioner has already been afforded one opportunity to amend, and he is no closer to
14  stating a cognizable federal habeas claim.  I will, therefore, recommend that this action be
15  dismissed.

16   It is ORDERED that the Clerk of Court shall assign a district judge to rule on these
17  findings and recommendations.

18  It is RECOMMENDED that petitioner's amended petition, ECF No. 10, be dismissed
19  without leave to amend for failure to state a cognizable federal habeas claim.

20  These findings and recommendations are submitted to the U.S. District Court Judge
21  presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of
22  Practice for the United States District Court, Eastern District of California.  Within fourteen days
23  of service of the findings and recommendations, petitioner may file written objections to the
24  findings and recommendations with the court.  That document must be captioned "Objections to
25  Magistrate Judge's Findings and Recommendations."  The District Judge will then review the
26  findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

27
28

IT IS SO ORDERED.

Dated: __October 20, 2021__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE